[No. 24589. *En Banc.* May 29, 1933.]

LINDLEY R. MORF, *Respondent,* v. J. R. JOHNSTON, *as Treasurer of Thurston County, Appellant.*[1]

The Attorney General, George Downer, Assistant, *Harold P. Troy,* and *Smith Troy,* for appellant.

*Harry L. Parr,* for respondent.

TOLMAN, J.—Respondent, as plaintiff, by his complaint in the superior court set forth that he was the owner of a certain parcel of real estate in Thurston county, Washington, upon which had been levied general taxes for the year 1931; that prior to the taking effect of Chapter 53 of the Laws of 1933, p. 286, he had paid one-half of the 1931 tax so levied on such property, and that subsequent to the taking effect of such act he had tendered to the defendant, appellant here, as county treasurer, the full amount of the remaining one-half of the 1931 tax upon such property, less a rebate of five per cent, in payment in full of the 1931 tax on such property; that the defendant treasurer refused to accept the payment as tendered because the tendered payment did not amount to one

[1]Reported in 22 P. (2d) 663.

year's taxes, as specified in the act. The prayer of the complaint was for a writ of mandate compelling the appellant treasurer to accept the amount tendered and issue a receipt showing taxes for the year 1931 paid in full upon the specified tract of land, and that he recover his costs, etc.

To this complaint, a demurrer was interposed upon the ground that it failed to state facts sufficient to constitute a cause of action, and after argument the trial court overruled the demurrer. The defendant electing to stand upon the demurrer, the court thereupon, after hearing counsel, entered its judgment directing the defendant, as county treasurer of Thurston county, to accept the tendered sum, being the balance due for 1931 taxes on the described property, less a five per cent rebate, in full payment of the 1931 tax, and that plaintiff recover his costs. From this judgment, the defendant has appealed to this court.

After carefully considering the argument of counsel and the briefs filed in the cause, we are of the opinion that the language affecting this question, contained in Chapter 53 of the Laws of 1933, p. 286 (Rem. 1933 Sup., § 11273-1 *et seq.*), is plain, clear and unambiguous and requires no construction.

Section 1 of the act provides for the remission of interest on unpaid taxes for the year 1931 and prior years under conditions therein specified, and contains this proviso:

"Provided, further, That there shall be an additional allowance of five per cent (5%) rebate to all persons paying any year or years of said delinquent taxes on or before November 30, 1933."

Since the taxes on any specific piece or parcel of property for any one year is a unit bearing no relation to taxes for any other year, it seems to us that the meaning of this proviso is wholly free from any pos-

sible ambiguity. Taxes on a certain parcel for the year 1931 may amount, say, to the sum of one hundred dollars, but the whole and every part is included in the term 1931 taxes, or taxes for the year 1931. Even though the tax may be payable in installments and one-half, or any other fraction, thereof may be paid, the remainder which stands unpaid and a lien against the property is still the 1931 tax, and it remains the 1931 tax against that particular property until the last dollar is paid.

Therefore, when the legislature provided for a "rebate to all persons paying any year or years of said delinquent taxes," that specifically authorized and required a rebate upon any payment necessary to discharge and satisfy the taxes for any one particular year. Hence, when the respondent, in compliance with Chapter 53, Laws of 1933, p. 286, tendered a sum, less the statutory rebate thereon, which would discharge and satisfy taxes for the year 1931 upon his land, he was entitled to have the tax discharged upon the public record and his land released from the lien thereof.

The judgment of the trial court is right, and it is affirmed.

BEALS, C. J., STEINERT, HOLCOMB, BLAKE, MILLARD, MAIN, and MITCHELL, JJ., concur.