**650**

MOBIL OIL CORPORATION, a New York corporation, Plaintiff,

v.

ALTECH INDUSTRIES, INC., a Pennsylvania corporation; Carl Brooks & Osborne Construction Co., Inc., a California corporation; and Plant and Field Service Corporation, a California corporation, Defendants.

ALTECH INDUSTRIES, INC., a Pennsylvania corporation, Cross-complainant,

v.

CARL BROOKS & OSBORNE CONSTRUCTION CO., INC., a California corporation; and Plant and Field Service Corporation, a California corporation, Cross-defendants.

CARL BROOKS & OSBORNE CONSTRUCTION CO., INC., a California corporation, Cross-claimant,

v.

PLANT AND FIELD SERVICE CORPORATION, a California corporation, Cross-defendant.

PLANT AND FIELD SERVICE CORPORATION, a California corporation, Cross-claimant,

v.

CARL BROOKS & OSBORNE CONSTRUCTION CO., INC., a California corporation, Cross-defendant.

No. CV 85–2173–AAH.

United States District Court, C.D. California.

Nov. 3, 1987.

Howard B. Soloway, Sue McDonnell and Albert A. Erkel, Jr., of Donovan, Leisure, Newton & Irvine, Los Angeles, Cal., for plaintiff Mobil Oil Corp.

Michael Lowe, William H. Ise, and Kyle D. Kring of Booth, Mitchel, Strange & Smith, Costa Mesa, Cal., for defendant Altech Industries, Inc.

Wayne Hunkins, Santa Ana, Cal., for defendant Carl Brooks & Osborne Const. Co., Inc.

Greason P. Haworth of Hogan, Baynes and Haworth and John J. Geary, Jr. of Chase, Rotchford, Drukker & Bogust, Los Angeles, Cal., for defendant Plant & Field Service Corp.

### Opinion

HARRY V. PEETRIS, Presiding Judge of the Los Angeles County Superior Court (Retired), Special Master.

A. ANDREW HAUK, Senior District Judge and Chief Judge Emeritus, United States District Court, Central District of California.

### INTRODUCTION

These above-entitled matters came on regularly before the Court, the above-entitled Special Master and Judge presiding, and have been ruled upon and decided in accordance with the Orders set forth herein. The jury returned a verdict in favor of plaintiff Mobil Oil Corporation for $5,236,779.00 and judgment was entered thereon less a remittitur of $66,000.00 in lieu of a new trial, resulting in a recovery by plaintiff Mobil Oil Corporation of $5,170,779.00. It is believed that this is the first time in the United States a trial by jury has been

presided over by a Special Master in federal court. Heretofore, a Special Master has only been empowered to preside over certain Pre–Trial matters. Since extensive research and analysis by the Court and its attaches has failed to disclose any precedent either for or against, a trial by the Special Master pursuant to a Stipulation of the parties, it is felt that the proceedings have in all respects been innovative but proper and should be recorded in the appropriate legal publications for assistance to other courts and counsel facing the problems handled herein.

## KEY PLEADINGS AND ORDERS HEREIN

### I.

The ORDER FOR LEAVE TO FILE THIRD PARTY COMPLAINTS, TO CONTINUE PRETRIAL CONFERENCE, PRETRIAL ORDER NO. 1 AND REFERENCE TO SPECIAL MASTER TO SUPERVISE AND SUPERINTEND DISCOVERY AND ALL PRETRIAL MATTERS is attached hereto as Exhibit 1.

### II.

The STIPULATION AND ORDER FOR REFERENCE TO SPECIAL MASTER CONCERNING ALL PRE–TRIAL MATTERS AND CERTAIN TRIAL MATTERS is attached hereto as Exhibit 2. It should be noted that the Stipulation was signed by all parties, counsel and the respective insurance carriers.

### III.

The VERDICT, SPECIAL INTERROGATORIES—REGARDING DEFENDANTS' CROSS-CLAIMS FOR INDEMNITY, and AMENDED JUDGMENT ON THE VERDICT (FOR PLAINTIFF) are attached hereto as Exhibit 3.

### IV.

THE RECOMMENDED RULINGS OF THE SPECIAL MASTER REGARDING THE ENTRY OF JUDGMENT ON THE CROSS-COMPLAINT AND CROSS-CLAIMS FOR INDEMNITY; ORDER CONFIRMING SAID RULINGS and JUDGMENT ON THE CROSS-COMPLAINT AND CROSS-CLAIMS FOR INDEMNITY on the Indemnity actions are attached hereto as Exhibit 4.

### V.

The ORDER RE DENIAL OF MOTION AND JOINDER IN MOTION FOR JUDGMENT *NON OBSTANTE VEREDICTO* OR ALTERNATIVELY AMENDMENT OF JUDGMENT; REMITTITUR AND DENIAL OF MOTION AND JOINDERS IN MOTION FOR NEW TRIAL entered in the Underlying and Indemnity Actions is attached hereto as Exhibit 5.

## CONCLUSION

The above-entitled and attached proceedings, Orders and Judgments have been, in all cases, properly and appropriately recommended by The Honorable Harry V. Peetris, Presiding Judge of the Los Angeles County Superior Court (Retired), Special Master, and have been approved and signed by The Honorable A. Andrew Hauk, Senior Judge and Chief Judge Emeritus, United States District Court, Central District of California, a Title III Judge under the United States Constitution, which approval and signature are hereby reaffirmed.

## EXHIBIT 1

ORDER FOR LEAVE TO FILE THIRD PARTY COMPLAINTS, TO CONTINUE PRETRIAL CONFERENCE, PRETRIAL ORDER NO. 1, AND REFERENCE TO SPECIAL MASTER TO SUPERVISE AND SUPERINTEND DISCOVERY AND ALL PRETRIAL MATTERS

Nov. 8, 1985

This matter comes before the Court upon defendants' notices of motion and motions for leave to file third party complaints and to continue pretrial and trial, and statement of reasons and affidavits in support thereof, and upon plaintiff's memorandum in opposition to defendants' motions for leave

to file third party complaints and to continue pretrial and trial, and the affidavits in support thereof; all of which the Court has considered fully.

The above-captioned case consists of an apparent contract "dog fight" between two vigorously contending parties and opposing sets of counsel. There are exceptional and unique characteristics in this case at bar which the Court will briefly set out, but one of the most important and distressing characteristics confronting the Court is the apparent inability of counsel to agree on the facts involved in pretrial discovery. Counsel cannot clearly set forth the exact facts without embellishment. The facts are always in contention, including when and how many documents have been produced or even the number of documents which exist. There are numerous other disputes, some of which appear to verge on the abuse of what the Court considers proper and decent conduct between attorneys on opposite sides. Certainly counsel have appeared to be absolutely contentious and cantankerous in their charges and countercharges.

In addition, the documentary evidence in this case is voluminous. Although counsel are unable to agree as to the precise number of documents produced by plaintiff or the defendants, there is no dispute that defense counsel have already received thousands of pages. According to plaintiff's estimate documents to be produced in the near future will fill two moving vans.

To further complicate matters, defendants now claim that their discovery to date has shown that other parties may be at least partially responsible for plaintiff's alleged damages. Accordingly, the Court forsees the addition of several more parties to this lawsuit, each of whom will contribute to the confusion.

The Court finds that emotions in this case are high and suspicions are rife on both sides. Conflicting charges have been made by each side and the Court has repeatedly been faced with the dilemma of deciding which story to believe.

Because of the conflicting factual evidence, the anticipated addition of new parties defendant, and the high volume of documentary evidence, prolonged and tedius discovery appears inevitable. The Court insists, however, that discovery proceedings proceed as expeditiously as possible, even though it may take evening and weekend work by counsel.

To this end, the Court will appoint a Special Master to supervise, superintend, and expedite discovery. Clearly, in this case, the cost factor involved in appointing a Special Master is far outweighed by the benefits to be derived therefrom. The Court, therefore, finds that an exceptional condition exists, requiring that discovery be held under the supervision of a Special Master pursuant to Rule 53 of the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED AS FOLLOWS:

1. That the Honorable Harry V. Peetris, Judge, Los Angeles Superior Court, Ret., Chambers of U.S. District Judge A. Andrew Hauk, Room 244–P, (Courtroom 1), United States Courthouse, 312 N. Spring Street, Los Angeles, California 90012, telephone (213) 894–0452 be and hereby is appointed as Special Master herein.

The Court considers Judge Peetris to be specially qualified to serve in this capacity for the following reasons:

(a) He is a graduate of the University of Southern California where he earned a B.S. cum laude, with accounting as his major in 1941, and then his law degree in 1950 from the University's School of Law, cum laude. He served on the Law Review editorial staff.

(b) From 1941 upon graduation with his B.S., until 1945, he was a Special Agent of the Federal Bureau of Investigation, then returned to the University's law school for his J.D. in 1950.

(c) He was admitted to the California Bar in January 1951 and practiced law for 12 years.

(d) In January 1962, Judge Peetris was appointed a Judge of the Los Angeles Municipal Court, and he was elevated to the Superior Court in September 1964.

Judge Peetris was Assistant Presiding Judge in 1981 and 1982.

(e) Judge Peetris' Superior Court service included mental health, juvenile, law and motion, writs and receivers, family law, probate and extensive civil and criminal trial work. He is renowned for his experience in complex and lengthy litigation involving many counsel.

(f) Judge Peetris was unanimously elected to the position of Presiding Judge of the Los Angeles County Superior Court in 1982, and retired December 1, 1984.

2. The Special Master is empowered and charged with the duty to:

(a) Superintend and schedule all discovery matters, including the taking of depositions, and to decide all questions and disputes with reference thereto, including the power to determine the scope of discovery, to issue protective orders, to determine whether discovery orders have been complied with, and to supervise and order the production and copying of documents and/or records, all in such manner as the Special Master considers will protect the rights of the parties. He may determine in his discretion to be personally present at any discovery proceedings.

(b) As to the pursuit of any and all pretrial proceedings, motions and discovery, the Special Master may fix the time and place thereof, and he shall have power:

(i) to rule upon the form of any question addressed to a witness;

(ii) to rule in the first instance on any objection to any question made by or on behalf of any party or a witness, and upon upholding any such objection to disallow the question;

(iii) to rule in the first instance that answers to any such questions objected to by any party may be taken subject to such objection and preserved until the admissibility of said testimony is determined in the litigation herein before this Court in this action;

(iv) to rule in the first instance upon any objection to any question made on the ground that the answer to such question might cause the disclosure of a confidential communication between attorney and client, or work product, or any other matter allegedly otherwise protected from disclosure;

(v) to rule in the first instance upon all applications made during or in connection with the said pretrial motions, proceedings and discovery under all relevant Rules of the Federal Rules of Civil Procedure;

(vi) to rule in the first instance on the use at the depositions of any matter produced in discovery under Rule 34 or otherwise; and

(vii) to make any and all necessary, proper and appropriate rulings in all pretrial proceedings, motions and discovery.

(c) To regulate, pursuant to Rule 53(c), all proceedings in every hearing before him and to do all acts and take all measures necessary or proper for the efficient performance of his duties as set forth above; all within the framework of the issues as defined and framed below in this Order.

(d) To require the attendance of counsel for conferences and to put witnesses and/or agents, officers or employees of the parties on oath and to examine them.

(e) To modify or revoke any Court Order heretofore made and entered limiting discovery, or pertaining to, or related to any discovery problem, including scheduling and including pretrial and pretrial orders and pretrial hearings and all other matters, other than this Order.

The above enumeration of powers is not intended as denying to the Special Master any power which is not specifically mentioned. To the contrary, the Special Master shall have, enjoy and exercise all powers allowed to Special Masters under Rule 53 of the Federal Rules of Civil Procedure and all powers necessary and proper to effectuate all relevant Rules of the Federal Rules of Civil Procedure in pretrial proceedings, subject to review as hereinafter provided.

3. Any action taken or ruling made by the Special Master shall be subject to review by this Court upon the application of any party aggrieved by such action or ruling, provided only that such application be

made within 15 days after the action or ruling of the Special Master of which complaint is made, unless such time shall have been enlarged by the Special Master for good cause shown.

(a) The party seeking review shall, at his, her or its own expense, provide to the Court a transcript of the proceedings before the Special Master, if a court reporter was present thereat, together with a concise statement of the issues and the contentions with respect thereto and points and authorities.

(b) On any matter brought to the Court for review, the Special Master shall furnish to the Court a statement of the problem and the reasons for his action, which statement may include the legal basis for his action.

(c) When review is sought as to a matter arising in a deposition, the Special Master may in his discretion order completion of the deposition pending review.

4. The Special Master shall make periodic written reports to the Court at intervals of not less than ninety (90) days and not more than one hundred twenty (120) days, with respect to the progress of the matters committed to him under this Order of reference.

5. The compensation to be allowed the Special Master for his services shall be fixed by the Court upon motion of the Special Master and shall be paid from time to time as the Court shall determine. The Special Master's out-of-pocket expenses, such as expenses for court reporter, travel and subsistence, shall be similarly paid. Within thirty (30) days of the filing of this Order each side shall deposit $25,000.00, totaling $50,000 which shall serve as an initial fund for this purpose. Said deposit shall be made with the Clerk of the Court.

When, in the Special Master's opinion, the services rendered and expenses incurred are sufficient to substantially utilize, cover or exceed the amount of the said initial deposit, the Special Master shall advise the Court thereof and the Court will order additional deposit or deposits. As to future deposits, the Court may determine to require them to be made by the parties

in other than the present 50% allocation to each side provided above, and the Court will receive and consider any recommendations which the Special Master may make in that respect.

Regardless of the ratio in which deposits are made, the Court may, at the end of the case, assess the compensation and expenses so allowed to the Special Master between the parties as the Court shall determine, taxable as costs in the action.

6. Within twenty (20) days of the filing of this Order, each of the parties shall present to the Master a concise statement of the discovery problems and other pretrial issues now pending and those which they foresee will occur, including a proposed schedule of pretrial proceedings.

7. The original of all papers hereafter served and filed herein dealing with pretrial matters in each of the above-entitled actions shall be filed with the Clerk of this Court, and a copy thereof shall be furnished to the Special Master by personal delivery or by mail to his office address, Chambers of Senior U.S. District Judge A. Andrew Hauk, Room 244–P (Courtroom 1), United States Courthouse, 312 N. Spring Street, Los Angeles, California 90012 no later than the date of the filing of such papers with the Clerk. A copy of any application for review and of any papers or memoranda in support of or in opposition thereto shall similarly be furnished to the Special Master.

8. As a guide to the Special Master, it now appears to the Court that the issues to be tried in the pending case are the following, and may easily be determined from the plaintiff's claims contained in the plaintiffs' original complaint in Case Number CV 85–2173–(AAH) and in the defendants' answers, counterclaims and cross-claims.

(1) *Plaintiff's Claims:*

These claims may be briefly put as follows:

(a) Liability, if any, for defendants' alleged breach of contract and negligence.

(b) More specifically, plaintiff's claims can be referenced to the causes of action set forth in its complaint filed March 29, 1985.

(2) *Defendants' Claims:*

(a) *Plant & Field Service Corporation.*
(i) Specific denial of charges contained in plaintiff's complaint.
(ii) Affirmative defenses under Fed.R. Civ.Proc.Rule 12 are that the complaint does not state sufficient facts to constitute a claim upon which relief may be granted; that plaintiff was contributorily negligent; and that plaintiff failed to mitigate its damages.
(iii) Counterclaim for indemnification from plaintiff.
(iv) Cross-claim against defendants Altech Industries, Inc., and Carl, Brooks & Osborne Construction Company for contributory negligence.
(v) Third party complaint against various third party defendants to be filed, alleging contributory liability.

(b) *Altech Industries, Inc.*
(i) Specific denial of charges contained in plaintiff's complaint.
(ii) Affirmative defenses under Fed.R. Civ.Proc.Rule 12 are that the complaint does not state sufficient facts to constitute a claim upon which relief may be granted; that this Court lacks subject matter jurisdiction based on diversity of citizenship; that plaintiff was contributorily negligent; that the Sixth Action for declaratory relief is barred by laches; and that the complaint is barred by the statute of limitations.
(iii) Counterclaim against plaintiff for breach of contract.
(iv) Cross claim against defendants Carl, Brooks & Osborne Construction, Inc., and Plant & Field Service Corp., for contributory negligence.
(v) Third party complaint against various third party defendants, to be filed, alleging contributory liability.

(c) *Carl, Brooks & Osborne Construction Co., Inc.*
(i) Specific denial of charges contained in plaintiff's complaint.

(ii) Affirmative defenses under Fed.R. Civ.Proc.Rule 12 are that the complaint does not state sufficient facts to constitute a claim upon which relief may be granted; that plaintiff and other unspecified parties were contributorily negligent; that plaintiff failed to mitigate its damages; laches; unclean hands; absence of privity of contract.
(iii) Cross claim against defendant, Plant & Field Service Corp., for total equitable indemnification, comparative contribution, and declaratory relief.
(iv) Third party complaint against various third party defendants, to be filed, alleging contributory liability.

(d) The above statement of issues is tentative only and without prejudice to the later modification or addition of issues found to be present in the case. The Special Master may, in the first instance, add to, delete from or change this preliminary statement of issues as he shall, from time to time, in his sole discretion, determine.

9. The dates for scheduling of discovery or other pretrial proceedings already arrived at and agreed upon by counsel prior to the signing of this Order shall be and remain in full force and effect, and the Special Master shall honor these dates.

10. The Order herein shall be served forthwith upon counsel for each of the parties and upon the Special Master, by the Clerk, and the Special Master shall immediately and forthwith take over the case for purposes of this Order.

IT IS FURTHER ORDERED that defendants' motions for leave to file third-party complaints are hereby granted, said third-party complaints to be served and filed on or before December 1, 1985; answers thereto to be filed on or before December 20, 1985.

IT IS FURTHER ORDERED that the pretrial conference in this matter, originally scheduled to take place on November 18, 1985, shall be continued to September 15, 1986, at 10:00 a.m. The discovery cut-off date shall be July 28, 1986, and jury trial is

set for November 18, 1986, at 9:30 a.m. The Special Master may, in his discretion, modify the dates specified above if he deems it in the best interest of judicial economy and the needs of the parties.

/s/ A. Andrew Hauk
A. ANDREW HAUK
SENIOR JUDGE

EXHIBIT 2

## STIPULATION AND ORDER FOR REFERENCE TO SPECIAL MASTER CONCERNING ALL PRE–TRIAL MATTERS AND CERTAIN TRIAL MATTERS

May 14, 1987

It is hereby stipulated by the parties, through their undersigned counsel of record, themselves and their insurance carriers where applicable, and subject to the approval of the Court, that the Special Master already appointed herein, the Honorable Harry V. Peetris, Judge, Los Angeles County Superior Court, Ret., be and hereby is appointed as Special Master in connection with all pre-trial matters and certain trial matters as set forth below. This reference is made with respect to the following facts:

1. The complaint was filed by plaintiff Mobil Oil Corporation ("Mobil") on March 29, 1985 against defendants Altech Industries, Inc. ("Altech"), Carl, Brooks & Osborne Construction Co., Inc. ("CB&O") and Plant & Field Service Corporation ("Plant & Field"). The defendants have answered the complaint and filed various counterclaims, cross-claims and third party complaints against Mobil, each other and third party defendant IT Corporation ("IT"). Similar claims have been filed against other parties but have been dismissed so that Mobil, Altech, CB&O, Plant & Field and IT are the only current parties in this action.

2.  The matter was assigned by the usual court random selection method to the Honorable A. Andrew Hauk, Senior United States District Judge.  The Court is available to handle all remaining pre-trial matters as well as all trial matters.

3.  On November 8, 1985, the Court filed an Order For Leave To File Third Party Complaints, To Continue Pre-Trial Conference, Pre-Trial Order No. 1, And Reference To Special Master To Supervise And Superintend Discovery And All Pre-Trial Matters (the "Order").  Pursuant to the Order, Judge Peetris was appointed as Special Master herein pursuant to Rule 53 of the Federal Rules of Civil Procedure.  The Order sets out the grounds for that reference, Judge Peetris' qualifications and Judge Peetris' powers as Special Master.  The Order is hereby incorporated by reference.

4.  Since November 1985, Judge Peetris has supervised all discovery and pre-trial matters in this case and has become thoroughly familiar with the parties, the applicable law and the applicable facts.  The parties and their counsel have requested that the Order be expanded to allow Judge Peetris as Special Master to handle not only all pre-trial matters but also all trial matters with the exceptions specified below.  The parties and their counsel have made this request because of the expertise developed to date by Judge Peetris concerning all aspects of this case including all factual and legal issues. The parties and their counsel also have made this request because of the unique and complicated issues in this case with which Judge Peetris is now thoroughly familiar.  The complicated issues include, but are not limited to, those discussed in the Order as well as the complicated geology and hydrogeologic issues involved.  Judge Peetris is familiar with these issues

both in connection with his work as Special Master in this case and in his work on United States v. Stringfellow, CV 83-2501-JMI (Mx), which involves similar complex issues.

Based upon the foregoing facts, it is stipulated and agreed by the parties, subject to the approval of the Court, that Judge Peetris as Special Master is empowered and charged with the duty to:

5. Continue to have all of the duties and powers set forth in the Order filed November 8, 1985.

6. Conduct, preside over and rule on all pre-trial matters.

7. Conduct the trial of this action, whether it be tried by a jury or without a jury, except that if there is a jury trial the Court, and not the Special Master, will approve the jury instructions, take the verdict from the jury, enter the judgment, and rule on any post judgment motions.

8. The above enumeration of powers is not intended as denying to the Special Master any power which is not specifically mentioned except for those powers specifically reserved for the Court as specified in paragraph 7 above. The Special Master shall have, enjoy and exercise all powers allowed to Special Masters under Rule 53 of the Federal Rules of Civil Procedure and all powers necessary and proper to effectuate all relevant Rules of the Federal Rules of Civil Procedure.

9. The Special Master shall continue to make periodic written reports to the Court as set forth in the Order filed November 8, 1985.

10. The compensation to be allowed the Special Master for his services shall be fixed by the Court upon motion of the Special Master and shall be paid from time to time as the Court shall determine. That compensation shall be paid one-fourth

each by Mobil, Altech, CB&O and Plant & Field and will not be awarded as costs in this case.

Dated: April 27, 1987

HOWARD B. SOLOWAY
ALBERT A. ERKEL, JR.
DONOVAN LEISURE NEWTON & IRVINE

By: _Howard B. Soloway_
         Howard B. Soloway

Attorneys for Plantiff and Counter
Defendant Mobil Oil Corporation

Dated: _4-27-87_

By: _____

For Plaintiff Mobil Oil
Corporation

Dated: _April 29, 1987_

WILLIAM H. ISE
BOOTH, MITCHEL, STRANGE & SMITH

By: _William H. Ise_
         William H. Ise

Attorneys for Defendant Altech
Industries, Inc.

Dated: _April 28, 1987_

By: _____

For Defendant Altech Industries,
Inc.

Dated: _April 29, 1987_

By: _C. E. Mordane_

For _C.N.A._ ,

Insurance Carrier for Defendant
Altech Industries, Inc.

/
/
/

Dated: _4-23-87_

LAW OFFICES OF WAYNE HUNKINS

By: _Wayne Hunkins_
         Wayne Hunkins

Attorney for Defendant Carl,
Brooks & Osborne Construction
Co., Inc.

Dated: _4·27·87_

By: _____

**660**

Dated: 5/8/87

For Defendant Carl, Brooks & Osborne Construction Co., Inc.

By: _____

For Industrial Indemnity Company Insurance Carrier for Carl, Brooks & Osborne Construction Co., Inc.

Dated: _____

GREASON P. HAWORTH
HOGAN, BAYNES & HAWORTH

JOHN J. GEARY, JR., ESQ.
CHASE, ROTCHFORD, DRUKKER & BOGUST

By: _____

Attorneys for Defendant Plant & Field Service Corp.

Dated: 4/28/87

By: _____

For Defendant Plant & Field Service Corp.

Dated: 4-29-87

By: _____

For Calif. Union Ins. Co.,

Insurance Carrier for Defendant Plant & Field Service Corp.

Dated: 5/14/87

MARK S. GERAGHTY
SEDGWICK, DETERT, MORAN & ARNOLD

By: _____
          Mark S. Geraghty

Attorneys for Third Party Defendant IT Corporation

Dated: 5/14/87

By: _____

For Third Party Defendant IT Corporation

Dated: _____

By: _____

For _____,

Insurance Carrier for Third
Party Defendant IT Corporation

THE ABOVE REFERENCE IS HEREBY ACCEPTED.

Dated: *MAY 14, 1987*                    ~~HARRY V. PEETRIS~~

The Honorable Harry V. Peetris,
Judge, Los Angeles County
Superior Court, Ret., Special
Master

IT IS SO ORDERED.

Dated: *5/14/87*                    A. ANDREW HAUK

A. Andrew Hauk, United States
Senior District Judge

EXHIBIT 3

VERDICT

July 21, 1987

We, the jury in the above-entitled action,
find as follows:

1.      For Plaintiff Mobil Oil Corporation                    ☒

and against Defendant Altech

Industries, Inc.

                [or]

For Defendant Altech Industries,                    |‾|

Inc., and against Plaintiff Mobil

Oil Corporation.

2.      For Plaintiff Mobil Oil Corporation                    ☒

and against Defendant Carl, Brooks

& Osborne Construction Company, Inc.

                [or]

For Defendant Carl, Brooks & Osborne                    |‾|

Construction Company, Inc. and against

Plaintiff Mobil Oil Corporation.

**662**

3.    For Plaintiff Mobil Oil Corporation          ☒

      and against Defendant Plant & Field

      Service Corporation.

                    [or]

      For Defendant Plant & Field Service          |‾|

      Corporation and against Plaintiff

      Mobil Oil Corporation.

/

/

4.    [To the Jury:  Please complete the
      following paragraph, if you have found
      for Plaintiff Mobil Oil Corporation
      and against any or all of the Defendants.]

          Having entered a verdict for Plaintiff

      Mobil Oil Corporation, we assess Plaintiff's

      actual or compensatory damages in the sum of

      $ 5,236,779.—.

5.    [To the Jury:  Please complete the
      following paragraph, if you have found
      that Plaintiff Mobil Oil Corporation
      is entitled to recover punitive damages
      against Carl, Brooks & Osborne
      Construction Company, Inc. or Plant &
      Field Service Corporation or both of
      them.]

          In addition to the actual damages awarded

      above, we, the Jury, award Plaintiff Mobil Oil

      Corporation punitive and exemplary damages in

      the amounts stated against:

          (a)  Defendant Carl, Brooks & Osborne

               Construction Company, Inc.:  $ ___-0-___.

          (b)  Defendant Plant & Field Service

               Corporation:  $ ___-0-___.

Dated:  July 21 1987

                              (1)  Elsie Conaway
                                   _____
                                   Foreman of the Jury

The Special Master hereby recommends that the aforementioned Verdict be approved, accepted and entered by the Court.

Dated: October 28, 1987 *nunc pro tunc* July 21, 1987

/s/ Harry V. Peetris
Harry V. Peetris,
Special Master

The above recommended ruling of the Special Master regarding the approval, acceptance and entry of the Verdict is hereby approved, accepted and ordered.

IT IS SO ORDERED.

Dated: October 28, 1987 *nunc pro tunc* July 21, 1987

/s/ A. Andrew Hauk
A. Andrew Hauk,
United States District Judge

## SPECIAL INTERROGATORIES—REGARDING DEFENDANTS' CROSS–CLAIMS FOR INDEMNITY

### July 21, 1987

We, the jury in the above-entitled case, answer the following questions submitted to us:

*QUESTION 1:* Were any of the following defendants negligent?

Answer "yes" or "no" after the name of each defendant.

|  | Yes | No |
|---|---|---|
| Defendant, PLANT & FIELD SERVICE CORPORATION | X | ___ |
| Defendant, CARL BROOKS & OSBORNE CONSTRUCTION CO., INC. | X | ___ |

If you answer Question No. 1 "no" as to each defendant, sign and return these Interrogatories.

If you answer Question No. 1 "yes" as to any defendant, then answer Question No. 2 as to such defendant.

*QUESTION NO. 2:* As to each defendant that you answered "yes" to in response to Question No. 1, was such negligence a proximate cause of damages to the plaintiff?

Answer "yes" or "no" after the name of each such defendant.

|  | Yes | No |
|---|---|---|
| Defendant, PLANT & FIELD SERVICE CORPORATION | X | ___ |
| Defendant, CARL BROOKS & OSBORNE CONSTRUCTION CO., INC. | X | ___ |

If you answer Question No. 2 "no" as to all defendants, sign and return these Interrogatories.

If you answer Question No. 2 "yes" as to any defendant, then answer Question 3.

QUESTION NO. 3: As to each defendant that you answered "yes" to in response to Question No. 1, was such negligence "active" or "passive"?

Answer "active" or "passive" after the name of each such defendant.

| | Active | Passive |
|---|---|---|
| Defendant, PLANT & FIELD SERVICE CORPORATION | X | |
| Defendant, CARL BROOKS & OSBORNE CONSTRUCTION CO., INC. | X | |

If you answered "yes" to Questions No. 1 and 2, and "active" as to Question No. 3 for either or both defendants, then answer Question No. 4.

QUESTION NO. 4: Assuming that 100% represents the total negligence which was the proximate cause of the plaintiff's damage, what percentage of this 100% is due to the negligence of either or both defendants? It is not necessary that your assigned percentage, if any, total 100%.

| | |
|---|---|
| Defendant, PLANT & FIELD SERVICE CORPORATION | 33 1/3 % |
| Defendant, CARL BROOKS & OSBORNE CONSTRUCTION CO., INC. | 33 1/3 % |

Sign and return these Interrogatories.

Dated: July 21, 1987

/s/ Elsie Conoway
FOREPERSON

The Special Master hereby recommends that the aforementioned Special Interrogatories—Regarding Defendants' Cross-Claims for Indemnity be approved, accepted, and entered by the Court.

Dated: October 28, 1987 *nunc pro tunc* July 21, 1987

/s/ Harry V. Peetris
Harry V. Peetris,
Special Master

The above recommended ruling of the Special Master regarding the Special Interrogatories—Regarding Defendants' Cross-Claims for Indemnity is hereby approved and ordered.

IT IS SO ORDERED.

Dated: October 28, 1987 *nunc pro tunc* July 21, 1987

/s/ A. Andrew Hauk
A. Andrew Hauk,
United States District Judge

AMENDED JUDGMENT ON
THE VERDICT
(For the Plaintiff)

Oct. 28, 1987

This cause having been tried, pursuant to the Stipulation of counsel, by the Court and a Jury, before the Honorable Harry V. Peetris, Special Master, and A. Andrew Hauk, Judge, presiding, and the issues having been duly tried and the Jury having duly rendered its verdict; and its acceptance and entry having been recommended by the Special Master to the Honorable A. Andrew Hauk, Judge; now, therefore, pursuant to the verdict,

IT IS ORDERED, ADJUDGED AND DECREED that the plaintiff MOBIL OIL CORPORATION, a New York corporation, have and recover of and from the defendants ALTECH INDUSTRIES, INC., a Pennsylvania corporation; CARL BROOKS & OSBORNE CONSTRUCTION COMPANY, INC., a California corporation; and PLANT AND FIELD SERVICE CORPORATION, a California corporation the sum of $5,236,779.00 Dollars, together with costs.

Dated: October 28, 1987 *nunc pro tunc* July 21, 1987

/s/ A. Andrew Hauk
A. Andrew Hauk,
United States District Judge

EXHIBIT 4

THE RECOMMENDED RULINGS OF THE SPECIAL MASTER REGARDING THE ENTRY OF JUDGMENT ON THE CROSS–COMPLAINT AND CROSS–CLAIMS FOR INDEMNITY; ORDER CONFIRMING SAID RULINGS

Oct. 26, 1987

The cross-complaint for indemnity by cross-complainant Altech Industries, Inc. ("Altech") against cross-defendants Carl Brooks & Osborne Construction Co., Inc. ("CB & O") and Plant & Field Service Corporation ("Plant & Field"); the cross-claim for indemnity by CB & O against Plant & Field; and the cross-claim for indemnity by Plant & Field against CB & O, came on for trial on October 19, 1987 before The Honorable Harry V. Peetris, Special Master, pursuant to stipulation of the parties through their respective counsel. Howard B. Soloway and Albert A. Erkel, Jr., of Donovan Leisure Newton & Irvine appeared on behalf of the plaintiff Mobil Oil Corporation. William H. Ise of Booth, Mitchel, Strange & Smith appeared on behalf of cross-complainant Altech Industries, Inc. Wayne Hunkins appeared on behalf of cross-defendant and cross-claimant Carl Brooks & Osborne Construction Company, Inc. John J. Geary, Jr. of Chase, Rotchford, Drukker & Bogust appeared on behalf of cross-defendant and cross-claimant Plant & Field Service Corporation.

The Special Master having considered the evidence in the underlying cause before the jury, the briefs and attached declarations, stipulations and arguments by counsel, and having taken the matter under submission, hereby makes the following recommended rulings:

1. Judgment for cross-complainant Altech Industries, Inc. against cross-defendants Carl Brooks & Osborne Construction Co., Inc. and Plant & Field Service Corporation on Altech's cross-complaint for indemnity for any amount paid to Mobil on the judgment, interest and costs in the underlying action; and $451,405.94 for Altech's attorneys fees and costs.

2. Judgment for cross-claimant CB & O on its cross-claim for indemnity against cross-defendant Plant & Field for 50% of any amount paid to cross-complainant Altech by CB & O on Altech's cross-complaint for indemnity or to plaintiff Mobil on its verdict and judgment.

3. Judgment for cross-claimant Plant & Field on its cross-claim for indemnity against cross-defendant CB & O for 50% of any amount paid to cross-complainant Altech by Plant & Field on Altech's cross-complaint for indemnity or to plaintiff Mobil on its verdict and judgment.

*Basis of Recommendation*

At the conclusion of the jury trial in the underlying action, the jury returned a verdict which, in effect, found each of the three defendants—Altech, CB & O and Plant & Field—liable for 33⅓% of Mobil's damages. Hence, each defendant is liable to Mobil for one-third of the judgment.

The first issue presented to the Special Master on the cross-complaint is whether Altech is entitled to be indemnified by CB & O and Plant & Field for its one-third share of the judgment plus interest and costs.

Indemnity is the obligation resting on one party to make good a loss or damage another has incurred. *Rossmoor Sanitation, Inc. v. Pylon, Inc.*, 13 Cal.3d 622, 628, 119 Cal.Rptr. 449, 532 P.2d 97 (1975). Under California law, the obligation of indemnity may arise from either of two general sources. "First, it may arise by virtue of express contractual language establishing a duty in one party to save another harmless upon the occurrence of specified circumstances. Second, it may find its source in equitable considerations brought into play either by contractual language not specifically dealing with indemnification or by the equities of the particular case." *E.L. White, Inc. v. City of Huntington Beach*, 21 Cal.3d 497, 506–07, 146 Cal.Rptr.

614, 579 P.2d 505 (1978); *see Rossmoor* at 628, 119 Cal.Rptr. 449, 532 P.2d 97.

### Contractual Indemnity

One of the theories of recovery on the cross-complaint is the right to indemnity based upon the Altech–CB & O contract. In this case, there is an express contractual indemnity provision in the Altech–CB & O contract. That provision covers worker's compensation and OSHA violations. It does not extend to the circumstances that occured in this case. Therefore that provision is inapplicable here and no express contractual indemnity can be found.

However, when an express indemnity provision in a contract is inapplicable to the particular factual setting before the court, the equitable principles of implied indemnity apply. *E.L. White* at 508, 146 Cal.Rptr. 614, 579 P.2d 505. There are two types of implied indemnity—contractual and equitable. *Bear Creek Planning Comm. v. Title Ins. & Trust Co.*, 164 Cal.App.3d 1227, 1236–37, 211 Cal.Rptr. 172 (1985).

The right to implied contractual indemnity is based upon the premise that a contractual obligation to perform carries with it an implied agreement to indemnify and to discharge foreseeable damages resulting to the indemnitee from the indemnitor's negligent performance. *Bear Creek Planning* at 1237, 211 Cal.Rptr. 172. "[T]he rationale of the cases [is] that a contract under which the indemnitor undertook to do work or perform services necessarily implied an obligation to do the work involved in a proper manner and to discharge foreseeable damages resulting from improper performance absent any participation by the indemnitee in the wrongful act precluding recovery." *Id.*

In this case, the Special Master finds that the principles of implied contractual indemnity are applicable. The Special Master finds that implied in the Altech–CB & O contract was an obligation imposed on both CB & O and Plant & Field to perform the work in a workmanlike manner, which meant Altech would be indemnified provided it was free of any negligence, other than derivative or vicarious, i.e. imputed.

### Equitable Indemnity

Another of the theories of liability on the cross-complaint is based on the negligence of CB & O and Plant & Field in performing their work under the contract. In this case, the jury found that both CB & O and Plant & Field were actively negligent and were the proximate cause of Mobil's damages.

The right of equitable indemnity enures to a person who, without active fault on his part, has been compelled by reason of some legal obligation to pay damages occasioned by the initial and active negligence of another. *Id.* This right is concerned with the difference between the active/passive negligence of joint tortfeasors. *Id.* at 1237–38, 211 Cal.Rptr. 172; *Cahill Bros., Inc. v. Clementina Co.*, 208 Cal.App.2d 367, 382, 25 Cal.Rptr. 301 (1962). A person seeking indemnity cannot recover if his negligence is active as distinguished from passive. *Cahill Bros.* at 382, 25 Cal.Rptr. 301. However, this right has been modified to permit concurrent tortfeasors to obtain partial indemnity from other concurrent tortfeasors on a comparative fault basis. *American Motorcycle Ass'n. v. Superior Court*, 20 Cal.3d 578, 591–98, 146 Cal. Rptr. 182, 578 P.2d 899 (1978).

In applying the equitable principles of comparative fault, the court is bound by the jury's finding of liability among the parties. But, if no finding was made by the jury, the court in the indemnity action is required to make its own findings as to the proportionate share of liability among the parties.

### Application of Implied Indemnity to this Case

There are two lines of authority as to the application of implied contractual indemnity.

The first line of authority holds that implied contractual indemnity is not equitable in nature and is not subject to testing on a comparative fault basis under *Li v. Yellow Cab Co.*, 13 Cal.3d 804, 119 Cal.Rptr. 858, 532 P.2d 1226 (1975) and *American Motor-*

*cycle Ass'n v. Superior Court,* 20 Cal.3d 578, 146 Cal.Rptr. 182, 578 P.2d 899 (1978). *Bear Creek Planning Comm. v. Title Ins. & Trust Co.,* 164 Cal.App.3d 1227, 1239, 211 Cal.Rptr. 172 (1985); *Considine Co. v. Shadle, Hunt & Hagar,* 187 Cal.App.3d 760, 232 Cal.Rptr. 250 (1986).

The second line of authority holds that implied contractual indemnity is equitable in nature and must be tested under the principles of comparative fault enunciated in *Li v. Yellow Cab Co.,* 13 Cal.3d 804, 119 Cal.Rptr. 858, 532 P.2d 1226 (1975) and *American Motorcycle Ass'n v. Superior Court,* 20 Cal.3d 578, 146 Cal.Rptr. 182, 578 P.2d 899 (1978). *Kramer v. Cedu Foundation, Inc.,* 93 Cal.App.3d 1, 12, 155 Cal.Rptr. 552 (1979); *IRM Corp. v. Carlson,* 179 Cal.App.3d 94, 110, 224 Cal.Rptr. 438 (1986); *Stratton v. Peat, Marwick, Mitchell & Co.,* 190 Cal.App.3d 286, 291, 235 Cal.Rptr. 374 (1987).

In weighing the equities in this case, the Special Master finds Altech free from participation in any negligent acts. There is an absence of any substantial evidence in the underlying action to support a finding that there were any independent acts of negligence on Altech's part. Conversely, there is substantial evidence to support a finding that any Altech negligence is derivative or vicarious, i.e. imputed to Altech, due to the negligence of CB & O and Plant & Field. Hence, Altech, in view of the jury's finding of equal liability of active negligence, is entitled to the entry of judgment against CB & O and Plant & Field, jointly and severally, for its one-third share of liability for Mobil's damages and its one-third share of liability for Mobil's costs.

This finding is the same whether the breach of implied contractual indemnity is treated as not equitable in nature and not subject to testing on a comparative fault basis, or is treated as equitable in nature and subject to testing on a comparative fault basis. The Special Master assesses fault based on the evidence in the underlying cause at 0% Altech, 50% CB & O and 50% Plant & Field.

The finding is likewise the same if the evidence in the underlying action is considered and tested solely on a negligence theory of indemnity. The Special Master finds that the damages suffered by Mobil were the result of the equal, active negligence of cross-defendants CB & O and Plant & Field, as determined by the jury, and that Altech's liability was derivative.

As between cross-defendants CB & O and Plant & Field, each is indemnified by the other as to 50% of said judgment based upon the jury's finding of active negligence and equal liability as to each of them.

## Attorneys Fees

Except as specifically provided for by statute, the measure and mode of compensation of attorneys is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to their costs. Cal.Civ.Proc.Code § 1021 (West 1974). The word "costs" is used in an extended sense, and includes all things which are necessary in order to make the litigation effectual. *Showers v. Wadsworth,* 81 Cal. 270, 274, 22 P.2d 663 (1889).

The imposition of attorney's fees in actions for implied indemnity is governed by Cal.Civ.Proc.Code § 1021.6. In order to award attorney's fees to the prevailing party, the court must find: (a) that the underlying action must be one which the indemnitee was "required" to bring or defend "through the tort of the indemnitor" *and* (b) that the indemnitor refused proper demand to bring or defend the action *and* (c) that no fault of the indemnitee was responsible for the underlying action. Cal.Civ. Proc.Code § 1021.6 (West 1974).

As to Altech's claims for attorneys fees, the Special Master finds that Altech was required to defend the action brought by Mobil as a result of the negligence of CB & O and Plant & Field. The Special Master further finds that Altech properly tendered its demand for defense to CB & O and Plant & Field on several occasions well before June 26, 1987 and the tender and demand were refused by both CB & O and Plant & Field. Lastly, the Special Master, in weighing the evidence, finds that there was no fault on Altech's part in that any liability was derivative.

Therefore, the Special Master finds that Altech is entitled to its attorneys fees and costs in the sum of $451,405.94.

## Cross Claims

As to the cross-claims of CB & O and Plant & Field against one another for indemnity, the Special Master grants the indemnity claim of each against the other, in the amount of 50%, since the jury found each to be actively negligent and equally liable.

## Conclusion

In conclusion, the Special Master finds Altech is not liable for any independent acts of negligence and its negligence, if any, is derivative or vicarious, i.e. imputed to Altech, because of the negligence of CB & O and Plant & Field. In testing the evidence in this case and in apportioning the liability among the cross-complainant and cross-defendants, the Special Master finds Altech 0%, CB & O 50% and Plant & Field 50% at fault. Therefore, Altech is entitled to judgment for indemnity, attorneys fees and costs.

## Recommendation of the Special Master

The Special Master hereby requests the Court approve the following recommended rulings regarding the entry of judgment on the cross-complaint and cross-claims for indemnity:

1. Judgment for cross-complainant Altech Industries, Inc. against cross-defendants Carl Brooks & Osborne Construction Co., Inc. and Plant & Field Service Corporation on Altech's cross-complaint for indemnity for any amount paid to Mobil on the judgment, interest and costs in the underlying action; and $451,405.94 for Altech's attorneys fees and costs.

2. Judgment for cross-claimant CB & O on its cross-claim for indemnity against cross-defendant Plant & Field for 50% of any amount paid to cross-complainant Altech by CB & O on Altech's cross-complaint for indemnity or to plaintiff Mobil on its verdict and judgment.

3. Judgment for cross-claimant Plant & Field on its cross-claim for indemnity against cross-defendant CB & O for 50% of any amount paid to cross-complainant Altech by Plant & Field on Altech's cross-complaint for indemnity or to plaintiff Mobil on its verdict and judgment.

Dated: October 26, 1987

/s/ Harry V. Peetris
Harry V. Peetris,
Special Master

The above recommended rulings of the Special Master regarding the entry of judgment on the cross-complaint and cross-claims for indemnity are hereby approved and ordered.

IT IS SO ORDERED.

Dated: October 26, 1987

/s/ A. Andrew Hauk
A. Andrew Hauk,
United States District Judge

## JUDGMENT ON THE CROSS–COMPLAINT AND CROSS–CLAIMS FOR INDEMNITY

### Oct. 30, 1987

This cause having been tried by the Court and a Jury, the Honorable A. Andrew Hauk, Judge, and the Honorable Harry V. Peetris, Special Master, presiding, the issues having been duly tried, the Jury having rendered its verdict, and Special Master, Harry V. Peetris, having made his findings and recommendations to the Court; now, therefore, pursuant to the verdict and in consideration of the findings and recommendations of the Special Master, it is ORDERED, ADJUDGED, AND DECREED as follows:

1. Cross–Complainant ALTECH INDUSTRIES, INC., shall have and recover of and from Cross–Defendants CARL, BROOKS & OSBORNE CONSTRUCTION CO., INC., and PLANT & FIELD SERVICE CORPORATION, jointly and severally, on ALTECH's cross-complaint for indemnity, any amount paid to Plaintiff MOBIL on the judgment previously entered in Plaintiff's favor on July 21, 1987, interest and costs in the underlying action, and

$451,405.94 for ALTECH's attorneys fees and costs.

2. Cross–Claimant CB & O shall have and recover on its cross-claim for indemnity against Cross–Defendant PLANT & FIELD 50% of any amount paid to Cross–Complainant ALTECH by CB & O on ALTECH's Cross–Complaint for indemnity or to Plaintiff MOBIL on its verdict and judgment.

3. Cross–Claimant PLANT & FIELD on its cross-claim for indemnity against Cross–Defendant CB & O shall have and recover 50% of any amount paid to Cross–Complainant ALTECH by PLANT & FIELD on ALTECH's cross-complaint for indemnity or to Plaintiff MOBIL on its verdict and judgment.

Special Master, the Honorable Harry V. Peetris, approves and recommends this to Court.

/s/H.V.P.

Dated: 10/30/87

/s/ A. Andrew Hauk
A. ANDREW HAUK
U.S. DISTRICT JUDGE

### EXHIBIT 5

### ORDER RE DENIAL OF MOTION AND JOINDER IN MOTION FOR JUDGMENT N.O.V. OR ALTERNATIVELY AMENDMENT OF JUDGMENT; REMITTITUR AND DENIAL OF MOTION AND JOINDERS IN MOTION FOR NEW TRIAL

Oct. 30, 1987

On October 26, 1987, the motion of ALTECH INDUSTRIES, INC. ("ALTECH") for judgment n.o.v. or alternatively, amendment of the judgment in favor of Plaintiff MOBIL OIL CORPORATION ("MOBIL"), the joinder in said motion by Defendant PLANT & FIELD SERVICE CORPORATION ("PLANT & FIELD"), the motion for a new trial or alternatively, a remittitur, by Defendant CARL, BROOKS & OSBORNE CONSTRUCTION CO., INC. ("CB & O") and the joinders in CB & O's motion by ALTECH and PLANT & FIELD came on for hearing before the Court, the Honorable A. Andrew Hauk, Judge, and the Honorable Harry V. Peetris, Special Master, presiding. Howard B. Soloway and Albert A. Erkel, Jr., of Donovan, Leisure, Newton & Irvine appeared on behalf of MOBIL. William H. Ise of Booth, Mitchel, Strange & Smith appeared on behalf of ALTECH. Wayne Hunkins appeared on behalf of CB & O. John J. Geary of Chase, Rotchford, Drukker & Bogust appeared on behalf of PLANT & FIELD.

Having considered the motions, the joinders and the opposition thereto, as well as the recommendations of the Special Master, IT IS HEREBY ORDERED:

1. ALTECH's motion for judgment n.o.v., or in the alternative, for amendment of the judgment in favor of Plaintiff MOBIL, and the joinder therein by PLANT & FIELD, are denied.

2. Plaintiff MOBIL OIL CORPORATION having accepted a remittitur in the amount of $66,000.00 at the hearing conducted on October 26, 1987, on CB & O's motion for a new trial or alternatively, a remittitur, the joint and several judgment previously entered by this Court in favor of MOBIL OIL CORPORATION and against ALTECH, CB & O, and PLANT & FIELD on July 21, 1987, is hereby reduced by the amount of said remittitur to the sum of $5,170,779.00, together with costs in the amount of $72,551.34 plus interest from the date of entry of judgment (July 21, 1987). The Court considers said remittitur appropriate as a matter of justice and equity. Plaintiff having accepted said remittitur, Defendant CB & O's motion for a new trial is denied. The joinders by ALTECH and PLANT & FIELD in CB & O's motion for a new trial are also denied.

3. In the alternative, Defendants ALTECH, CB & O, and PLANT & FIELD have an offset in the amount of $66,000.00 against MOBIL's joint and several judgment of $5,236,779.00 so that MOBIL can only enforce its judgment in the amount of $5,170,779.00, together with costs in the amount of $72,551.34 plus interest from the date of entry of judgment (July 21, 1987).

**670**

Special Master, the Honorable Harry V. Peetris, approves and recommends this to Court.

/s/H.V.P.

DATED: 10/30/87

/s/ A. Andrew Hauk
A. ANDREW HAUK
U.S. DISTRICT JUDGE